**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JEREMIAH BUSH, individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.                                           Case No. 3:10-cv-841-J-37MCR

CALLOWAY CONSOLIDATED GROUP
RIVER CITY, INC. d/b/a FIVE GUYS
FAMOUS BURGERS & FRIES,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Joint Motion for Final Approval of Settlement Agreement (Doc. 71), filed November 16, 2012; and

2. Plaintiff's Consent Motion for Entry of an Order Approving Payment of a Service Award to Class Representative and Attorneys' Fees and Expenses and Supporting Memorandum of Law (Doc. 72), filed November 18, 2012.

Upon consideration, the Court hereby grants both motions.

**BACKGROUND**

Plaintiff, on behalf of others similarly situated, alleged that Defendant, which owns and operates a Five Guys Famous Burgers & Fries ("Five Guys") franchise in Jacksonville, Florida, violated the Fair Credit Reporting Act ("FCRA") and the Fair and Accurate Credit Transaction Act ("FACTA") amendments to FCRA. Plaintiff specifically alleged that Defendant violated the law by willfully failing to truncate the expiration dates

of customers' credit cards on their receipts. (Doc. 1.) The Class was certified on March 26, 2012. (Doc. 58.) The parties reached an agreement to settle their dispute and submitted their proposed Class Action Settlement Agreement ("Settlement Agreement") to the Court on July 31, 2012. (Doc. 68.) The Court preliminarily approved the Settlement Agreement on August 10, 2012. (Doc. 69.) A fairness hearing on the Settlement Agreement was held on November 19, 2012.

The Settlement Agreement provides for a $5.00 voucher valid at the subject Jacksonville Five Guys franchise to each member of the Class. (Doc. 68-1, p. 8.) If the voucher is rejected at the store, the voucher may be presented to Defendant for a cash payment of $5.00. (*Id.*) There were 72,000 transactions wherein class members' credit card expiration dates were printed on receipts, and Defendant agrees to distribute a minimum of 5,000 vouchers. (*Id.*) If less than 5,000 members of the Class claim settlement vouchers, then Defendant will donate the remaining vouchers (up to 5,000 vouchers total) to specified local charities. (*Id.*) Defendant also agrees to abide by the truncation requirements of FACTA. (*Id.*)

## STANDARDS

In a federal class action, a "court may approve a settlement . . . on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). The U.S. Court of Appeals for the Eleventh Circuit instructs district courts to examine six factors in considering approval: "(1) the likelihood of success at trial, (2) the range of possible recovery, (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable, (4) the complexity, expense, and duration of litigation, (5) the substance and amount of opposition to the settlement, and (6) the stage of proceedings at which the settlement was achieved." *Bennett v. Behring Corp.*,

737 F.2d 982, 986 (11th Cir. 1984). In assessing these factors, a district court "should be hesitant to substitute [its] own judgment for that of counsel." *In re Smith*, 926 F.2d 1027, 1028 (11th Cir. 1991). "Determining the fairness of the settlement is left to the sound discretion of the trial court," and that discretion should be "informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett*, 737 F.2d at 986.

If a settlement agreement involving vouchers or coupons does not calculate attorneys' fees based on a portion of the recovery of the coupons, then "any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action." 28 U.S.C. § 1712(b)(1).

## DISCUSSION

The Court previously certified the Class in this action (Doc. 58), and hereby reincorporates those findings of fact and conclusions of law in this Order. Pursuant to the Settlement Agreement, the Class is defined as:

> All consumers, expressly excluding any judge and judicial officer and judicial staff member employed by or assigned to the United States District Court for the Middle District of Florida and all of their immediate family members and persons related to them as defined in 28 U.S.C. § 455(b), to whom Defendant CALLOWAY CONSOLIDATED GROUP RIVER CITY, INC., doing business as FIVE GUYS FAMOUS BURGER & FRIES, from its restaurant located at 13249 City Square Drive, Space 101, River City Marketplace, Jacksonville, Florida, provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring between December 23, 2008 and September 17, 2010, on which Defendant CALLOWAY CONSOLIDATED GROUP RIVER CITY, INC., doing business as FIVE GUYS FAMOUS BURGER & FRIES, printed the expiration date of the consumer's credit card.

(Doc. 68-1, p. 4.)

The parties published the Notice of Proposed Class Action Settlement in the *Financial News & Daily Record* and on Class Counsel's website. The Court finds that

3

these forms of publication constituted the best notice practicable under the circumstances to all persons within the definition of the Class. Based on evidence and other material submitted in conjunction with the fairness hearing, the notice to the Class was reasonable and adequate.

The Court hereby approves the Settlement Agreement, finding the settlement to be "fair, reasonable, and adequate" in accordance with Federal Rule of Civil Procedure 23(e)(1)(C). At the fairness hearing, the Court made findings as to the fairness, reasonableness, and adequacy of the Settlement Agreement, but makes further findings as follows:

(1) The compensation is fair when weighed against the likelihood of the Class's success. At trial, the Class would have to prove Defendant's willfulness under FACTA in order to establish statutory damages. *See* 15 U.S.C. § 1681n(a)(1)(A). Establishing willfulness, or even reckless disregard, *see Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007), is a high hurdle. Thus, while the $5.00 voucher settlement amount falls below the statutory damages range of $100.00 to $1000.00 for each statutory violation, *see* 15 U.S.C. § 1681n(a)(1)(A), when weighed against the likelihood of success the settlement amount is reasonable.

(2) The statutory damages range is $100 to $1000 for each statutory violation. *Id.* There are 72,000 class members, resulting in a range of possible recovery from $7,200,000 to $72,000,000.

(3) The settlement would result in between 5,000 and 72,000 $5.00 vouchers being issued, resulting in a range of actual recovery between $25,000 and $360,000. While the range of actual recovery is below the range of possible

recovery, the settlement is nevertheless fair in light of the difficulty of proving willfulness, as discussed *supra*.

(4) Litigation could prove expensive and time-consuming, especially on the issue of willfulness. Approval of the Settlement Agreement thus minimizes or avoids the use of further resources.

(5) There have been no objections or requests for exclusion from the Settlement Class.

(6) The settlement was reached more than two years after the initial Complaint was filed and after discovery had begun. This timing demonstrates that the Settlement Agreement is the result of a thoughtful and reasoned compromise.

A careful analysis thus reveals that the relevant factors strongly favor approval of the Settlement Agreement, which appears to be the result of vigorous, arms-length negotiations. Accordingly, the Court finds that the Settlement Agreement is fair, reasonable, and adequate.

The Court has reviewed and considered the Consent Motion for Attorneys' Fees and finds that it is fair and reasonable for Defendant to pay Class Counsel's attorneys' fees, costs, and expenses in the amount of $55,000.00. The $55,000.00 sum reflects a blended rate of $252.00 per hour, which is reasonable in Jacksonville and under the circumstances.

The Court also finds that it is fair and reasonable for Defendant to pay Class Representative Jeremiah Bush compensation and consideration for his efforts, including his attendance at hearings, in the amount of $2,500.00.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion for Final Approval of Settlement Agreement (Doc. 71) is **GRANTED**.

2. Plaintiff's Consent Motion for Entry of an Order Approving Payment of a Service Award to Class Representative and Attorneys' Fees and Expenses and Supporting Memorandum of Law (Doc. 72) is **GRANTED**.

3. The Court **APPROVES** the Settlement Agreement, attorneys' fees, and Class Representative service award as set forth in the Settlement Agreement.

4. The parties are **DIRECTED** to perform in accordance with the terms set forth in the Settlement Agreement. The Court retains jurisdiction for the purposes of enforcing the Settlement Agreement.

5. All actions, claims, defenses, and complaints made, filed, or asserted in the above-captioned case are **DISMISSED WITH PREJUDICE** pursuant to the terms of the Settlement Agreement and this Order.

6. The Clerk is **DIRECTED** to close this case and to enter final judgment in accordance with this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on November 20, 2012.

ROY B. DALTON JR.
United States District Judge

Copies: Counsel of Record